UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH JOHN SANTILLO a/k/a Joseph John
Santillo-Estate,

                        Petitioner,
    v.                                                    9:25-CV-0671
                                                                  (GTS)
DAVID REYNOLDS, Warden at ECCF,

                        Respondent.
_____

APPEARANCES:                                                        OF COUNSEL:

JOSEPH JOHN SANTILLO
Petitioner, pro se
Essex County Correctional Facility
P.O. Box 68
Lewis, New York 12950

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). Petitioner also successfully applied to proceed in forma pauperis ("IFP").[1] Dkt. No. 2, IFP Application; Dkt. No. 4, Text Order (granting IFP application).

**II.    THE PETITION**

The present petition is, at best, difficult to decipher. Petitioner indicates that he is a pretrial detainee, in state custody, in Essex County. Pet. at 1. Petitioner argues that he has been "[i]llegally detained [and] held in illegal pre-trial detainment (without bail, bond, etc.) &

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

30.30 speedy trial violations," all pursuant to "insufficien[t] . . . evidence." Pet. at 2. It is unclear why petitioner is being detained or what his state court criminal proceedings have looked like thus far. Petitioner contends his imprisonment was orchestrated by his spouse's family so that his wife could divorce petitioner and gain sole custody of their child. Pet. at 10. Petitioner commenced his allegedly illegal pretrial detention in April of 2024. Pet. at 4.

Petitioner appears to assert that he has challenged his pretrial detention; however, he fails to identify any specific state court proceedings he has filed.[2] Pet. at 2. Instead, he states that he "appealed to the best of [his] ability from [the] County of/State of Custody/ Access (extremely limited) to Legal [and] Administrative Materials, Procedures, [and] etc." Pet. at 2.

Petitioner argues that he is entitled to federal habeas relief because (1) he is being detained without the "county/state . . . show[ing] sufficient evidence of criminal liability for [the] alleged 'ACTS;'" (2) his speedy trial rights have been violated; (3) his trial counsel is constitutionally ineffective; and (4) his Fifth and Sixth Amendment rights are being violated since his "private property [is] being 'used' for PUBLIC PROFIT(s) without repayment," in addition to his unlawful extended pretrial detention and denial of access to legal and administrative material and process. Pet. at 6-7. Petitioner asks this Court to intervene in his pretrial detention, release him from custody, and intervene in the alleged illegal state prosecution. Pet. at 7.

---

[2] Petitioner indicates that the decisions that he is challenging are being "remanded without bail/bond; held in pretrial detention/detainment in violation of speedy trial rights," Pet. at 2; however, petitioner then goes on to list four different dates – "12/2023; 04/2024; 10/15/2024; 05/09/2025; etc." – without any explanation of how those dates are related to the decisions he is trying to challenge, *id.*

### III. DISCUSSION

#### A. Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Despite the instant petition seeking relief pursuant to Section 2241, the Habeas Rules still apply.  See *Wilson v. Favro*, No. 9:16-CV-0471 (GTS), 2016 WL 2354271, at *3 n.4 (N.D.N.Y. May 4, 2016) (applying Habeas Rules to § 2241 petitions because, referencing Rule 1(b)'s provisions, the rules may be applied "to a habeas petition not covered by Rule 1(a).").

Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  Although petitioner sets forth barebones assertions regarding the grounds of his petition, it otherwise contains no factual basis regarding the procedural history of his underlying criminal conviction or the basis for petitioner's alleged unlawful detention.  The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner.  Each ground he wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

#### B. *Younger* doctrine

Petitioner seeks immediate release and to have his criminal proceedings terminated. Essentially, petitioner's request seeks to have the Court intervene in a pending criminal matter, by ordering petitioner's release from custody and dismissing the state criminal prosecution which petitioner contends is unlawful and unsupported.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2

(S.D.N.Y. Mar. 10, 2020). Accordingly, with respect to claims that involve his pending state criminal proceedings, this Court must abstain.[3]

Petitioner cannot use a federal habeas action to attempt to circumvent the state criminal trial process. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*[4]

### C. Exhaustion

Petitioner has also intimated that his pretrial detention, which allegedly occurred due to false pretenses, has continued too long and constitutes a federal constitutional violation. This claim and prayer for relief is at least presently available to petitioner; however, any such claim still appears premature. Regardless of whether petitioner makes those challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court. *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

---

[3] While the Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply, *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), no such circumstances have been argued or otherwise presented here.

[4] While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

Here, petitioner has provided no information to make the undersigned believe that he has initiated, let alone completed, any state court remedies. Other than a few conclusory lines about the unlawfulness of his pretrial detention, petitioner fails to provide any specific details explaining how his pretrial detention rises to the level of a federal constitutional violation. The undersigned is mindful that "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).

In sum, petitioner does not allege that he has filed a state habeas petition or otherwise fully exhausted his available state court remedies before filing the instant petition. Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and unexhausted. Petitioner may re-file any claims, not related to dismissal of his pending state prosecution, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** as premature; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: June 25, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

5